UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| MARLON JAVIER ARTOLA RAMIREZ, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 1:26-cv-00079-JRS-TAB |
| | ) | |
| PAMELA BONDI, | ) | |
| KRISTI NOEM, | ) | |
| TODD M. LYONS, | ) | |
| RUSSELL HOTT, | ) | |
| | ) | |
| Respondents. | ) | |

## ORDER TO SHOW CAUSE

The Court, having considered the above action and the matters which are pending, makes the following rulings:

1. Petitioner's motion for relief from judgment, dkt. [9], is **denied as moot**, because the Court has not issued final judgment in this matter. The Court accepts Petitioner's filing at Docket No. 8 as the amended petition for writ of habeas corpus. The **clerk is directed** to add Marion County Sheriff, Kerry Forestal, as a Respondent on the docket.

2. The Respondents are **notified** of the filing of the amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. This material has been scanned into the Court's electronic docket. A copy of this Order to Show Cause, the amended petition, and exhibits shall be **distributed electronically to** the United States Attorney.

2. The **clerk is directed** to issue process **by mail** to the Marion County Respondent. Process will consist of the amended petition (dkt. [8]) and this Order.

3. The Respondents will have **through February 9, 2026**, to answer the allegations of the habeas petition and **show cause** why the relief sought by the petitioner should not be granted. The Petitioner will have **four days after service of the answer** to reply.

4. The weight of authority supports Petitioner's position—that ICE's authority to detain a noncitizen discovered within the country derives from § 1226(a) and not from § 1225(b), so Petitioner is at minimum entitled to a bond hearing and not subject to mandatory detention. *See, e.g., Cazarez-Gonzales v. Olson*, No. 2:25-CV-590 (S.D. Ind. Dec. 5, 2025) (citing cases); *see also Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1061 (7th Cir. 2025) (stating that "Plaintiffs have the better argument on the current record" referring to argument that "ICE's authority to detain a noncitizen discovered within the country derives from § 1226(a) and not from § 1225(b)."). In their response, the Respondents must explain why this Court should reach a different result here.

5. The Respondents shall not transfer Petitioner outside the jurisdiction of the United States or transfer him to any federal judicial district other than those in the States of Illinois, Indiana, or Wisconsin during the pendency of this habeas petition. *A.A.R.P. v. Trump*, 145 S. Ct. 1364, 1369 (2025) (citing 28 U.S.C. § 1651(a) ("[T]he Government represented on the record in federal court that it reserved the right to remove detainees after midnight. We had the power to issue injunctive relief to prevent irreparable harm to the applicants and to preserve our jurisdiction over the matter.*"); United States v. United Mine Workers of Am.*, 330 U.S. 258, 293 (1947) ("The District Court had the power to preserve existing conditions while it was determining its own authority to grant injunctive relief.").

**IT IS SO ORDERED.**

Date: 2/2/2026

JAMES R. SWEENEY II, CHIEF JUDGE
United States District Court
Southern District of Indiana

Distribution:

All Electronically Registered Counsel

SHERIFF KERRY J. FORESTAL
Marion County Jail
695 Justice Way
Indianapolis, IN 46203

Courtesy copies (by electronic mail):

    Anthony W. Overholt, Frost Brown Todd LLP (aoverholt@fbtlaw.com)

    Shelese Woods, Assistant U.S. Attorney (shelese.woods@usdoj.gov)