UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MARLON JAVIER ARTOLA RAMIREZ, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 1:26-cv-00079-JRS-TAB |
| ) | |
| PAMELA BONDI Attorney General Of The ) | |
| United States, *et al.*, ) | |
| ) | |
| Respondents. ) | |

**ORDER GRANTING IN PART AND DENYING IN PART
PETITION FOR WRIT OF HABEAS CORPUS**

Marlon Artola Ramirez seeks a writ of habeas corpus requiring that he be released from U.S. Immigration and Customs Enforcement (ICE) detention or, alternatively, that he receive a bond hearing. Because the undisputed facts demonstrate that Mr. Artola Ramirez is eligible for bond, the Court grants his petition by directing that he be afforded a bond hearing or released from detention.

### I. Motion for Relief from Judgment

Mr. Artola Ramirez's motion for relief from judgment, dkt. [17], is **denied as presented** because it does not seek relief from a final judgment or order. The thrust of Mr. Artola Ramirez's motion appears to be that he wishes for the Court to accept his amended habeas petition even though he filed it after the deadline set by the Court. The Court sua sponte extends the deadline and accepts Mr. Artola Ramirez's amended petition despite the late filing.

### II. Facts

The parties do not dispute any material facts.

Mr. Artola Ramirez is a Nicaraguan national. Dkt. 16 at 2. He entered the United States near Eagle Pass, Texas, around March 1, 2022. Dkt. 20-2 at 2. Within two weeks, a U.S. Border Patrol agent apprehended Mr. Artola Ramirez and notified him that he must appear for a removal proceeding. Dkt. 20-1 at 3. However, the agent did not place Mr. Artola Ramirez in detention pending resolution of his removal proceeding. Instead, Mr. Artola Ramirez was released. *Id.* The record does not make clear whether he was formally granted parole or subjected to any conditions of supervision.

On January 7, 2026, Indiana State Police approached a disabled vehicle, of which Mr. Artola Ramirez was an occupant. The police contacted federal authorities, and Mr. Artola Ramirez was taken into custody. Dkt. 20-1 at 2.

On January 8, an "Authorized Immigration Officer" issued an administrative warrant addressed to: "Any immigration officer authorized pursuant to sections 236 and 287 of the Immigration and Nationality Act and part 287 of title 8, Code of Federal Regulations, to serve warrants of arrest for immigration violations." Dkt. 20-2 at 6. The administrative warrant states that federal records and voluntary statements by Mr. Artola Ramirez demonstrate that he is a removable alien. *Id.* It "command[s]" that he be taken into custody for removal proceedings. *Id.*

Mr. Artola Ramirez is currently detained at the Clay County Jail. The record indicates that he has not requested or received a bond hearing.

### III. Analysis

A federal court may issue a writ of habeas corpus when the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Mr. Artola Ramirez argues that his continued detention without a bond hearing violates the Fifth Amendment and the Immigration and Nationality Act (INA). He asks the Court to order that

he be released immediately or, alternatively, that he receive a bond hearing.[1] The respondents answer that the INA not only allows but requires Mr. Artola Ramirez to be detained without bond; that this Court lacks jurisdiction over the government's decision to withhold bond; and that, if Mr. Artola Ramirez is entitled to any relief, he is entitled to at most a bond hearing.

The Court finds that Mr. Artola Ramirez's continued detention without possibility of bond violates the INA and entitles him to habeas relief in the form of a bond hearing. On this basis, the Court grants Mr. Artola Ramirez's petition in part and denies it in part.

**A.    Detention Authority and Bond Eligibility**

Mr. Artola Ramirez argues that his arrest and detention dictate that his detention may only be authorized by 8 U.S.C. § 1226(a), which provides:

> On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States. [T]he Attorney General—
>
> (1) may continue to detain the arrested alien; and
>
> (2) may release the alien on—
>
>   (A) bond of at least $1,500 with security approved by, and containing conditions prescribed by, the Attorney General; or
>
>   (B) conditional parole[.]

The respondents answer that Mr. Artola Ramirez's detention is not only authorized but required by 8 U.S.C. § 1225(b)(2)(A), which directs that "an alien who is an applicant for admission . . . shall be detained" for the pendency of removal proceedings. They insist that, because Mr. Artola

---

[1] Mr. Artola Ramirez at least pays lip service to additional arguments in his petition, including that there was no lawful basis for his arrest; that his prolonged detention violates due process even if it is authorized by statute; and that the government has violated fundamental rights to family unity and to apply for relief from his detention. Dkt. 16 at 3–4. But Mr. Artola Ramirez does not develop these arguments in any of his briefing. Accordingly, the Court limits its attention to his statutory argument, which is straightforward and adequately addressed by both sides. *See M.G. Skinner & Assocs. Ins. Agency, Inc. v. Norman-Spencer Agency, Inc.*, 845 F.3d 313, 321 (7th Cir. 2017) ("Perfunctory and undeveloped arguments are waived, as are arguments unsupported by legal authority.").

Ramirez has not been admitted to the United States by immigration officials, and because he opposes his removal, he is an "alien who is an applicant for admission" and therefore subject to compulsory detention under § 1225(b)(2)(A). Dkt. 20 at 3–13. The Court rejects this argument for two reasons.

First, the respondents' interpretation of § 1225(b)(2)(A)—that every unadmitted alien arrested inside the United States who seeks to remain here, no matter how long after arriving, is an applicant for admission subject to mandatory detention—conflicts with current treatment within the Seventh Circuit. Indeed, the United States Court of Appeals for the Seventh Circuit recently responded to this argument with skepticism. *See Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1060–61 (7th Cir. Dec. 11, 2025) ("The question is whether § 1225(b)(2)(A) covers any noncitizen who is unlawfully already in the United States as well as those who present themselves at its borders. . . . Based upon the text and structure of the two provisions, we believe that Plaintiffs have the better argument on the current record."). Before and since, this Court and the vast majority of other district courts have rejected the government's interpretation. *See, e.g.*, *Morales Sandoval v. Crowley, et al.*, No. 2:25-cv-00560-JRS-MKK, 2025 WL 3760760, at *3-6, dkt. 16 at 5-13 (S.D. Ind. Dec. 30, 2025); *Perez Reyes v. Bondi*, No. 4:25-cv-00239-SEB-KMB, 2025 WL 3755928, at *3 (S.D. Ind. Dec. 29, 2025) ("The Court has previously determined that, considering § 1225 as a whole, the most natural meaning is that it applies to 'arriving' noncitizens attempting to enter the United States rather than undocumented aliens like Ms. Perez Reyes who have lived in the interior of the United States for years."). "As the Court has previously explained, Respondents' interpretation of the statute (1) disregards the plain meaning of § 1225(b)(2)(A); (2) disregards the relationship between §§ 1225 and 1226; (3) would render a recent amendment to § 1226(c) superfluous; and (4) is inconsistent with decades of prior statutory interpretation and

4

practice." *Perez Reyes*, 2025 WL 3755928, at *3 (citing *Alejandro v. Olson*, No. 1:25-cv-02027-JPH-MKK, 2025 WL 2896348, at *14–19 (S.D. Ind. Oct. 11, 2025)).

The respondents here cite a smattering of contrary decisions but concede that this Court's previous analysis "control[s] the result in this case should the Court adhere to the legal reasoning in those prior decisions." Dkt. 20 at 8–9. The respondents offer no binding authority in the other direction, and the Court declines to depart from its previous reasoning.[2]

Second, even if the respondents' legal reasoning was more persuasive, it could not be reconciled with the government's treatment of Mr. Artola Ramirez. Border Patrol agents apprehended Mr. Artola Ramirez within two weeks of his entry and released him—an action that is wholly incompatible with the government's newfound conviction that he is an applicant for admission who could not be lawfully released from custody. When immigration officials apprehended Mr. Artola Ramirez again last month and took him into custody, an "Authorized

---

[2] The respondents offer passing references to two district court decisions that this Court briefly addresses based on their recency and their issuance from within the Seventh Circuit. In *Hernandez v. Olson*, a judge from the Eastern District of Wisconsin accepted the government's interpretation of the statutory text and found that an alien who had previously been apprehended and released multiple times and was later arrested by ICE agents while working at a Wisconsin farm was an applicant for admission subject to mandatory detention under § 1225(b)(2). No. 25-cv-1670-bhl, 2026 WL 161509, at *3–7 (E.D. Wis. Jan. 21, 2026). And, in *Cruz Rodriguez v. Olson*, a judge from Northen District of Illinois found that both §§ 1225(b)(2) and 1226(a) *both* apply to certain aliens apprehended inside the United States. *See* No. 1:25-cv-12961, 2025 WL 3672856, at *7 (N.D. Ill. Dec. 17, 2025), withdrawn & superseded, 2026 WL 63613 (N.D. Ill. Jan. 8, 2026) ("Sections 1225(b)(2) and 1226 have different, but overlapping, scopes."). Both dismiss *Castañon-Nava* as persuasive authority from a preliminary decision. *Hernandez*, 2026 WL 161509 at *6; *Cruz Rodriguez*, 2025 3672856 at 5, n.6. This Court finds the reasoning of these decisions problematic for reasons expressed in previous cases and discussed further below. Regardless, this Court joins another jurist from the Northern District of Illinois in deferring to *Castañon-Nava* as highly persuasive, directly applicable authority from a superior tribunal on a pure question of law. *See Morales Perez*, No. 1:25-CV-14995, 2026 WL 44777, at *2 (N.D. Ill. Jan. 7, 2026).

The respondents also give considerable attention to *Buenrostro-Mendez v. Bondi*, which the Fifth Circuit decided only the day before the federal respondents filed their response brief in this case. Dkt. 20 at 9–10. *Buenrostro-Mendez* concludes that "seeking admission" is not limited to "arriving" noncitizens and therefore supports the respondents' position in this case. No. 25-20496, --- F.4th ---, 2026 WL 323330, at *4 (5th Cir. Feb. 6, 2026). But, the Fifth Circuit's decision also is not binding here, and the Court again defers to the Seventh Circuit's persuasive decision in *Castañon-Nava*.

5

Immigration Officer" directed through an administrative warrant that he be detained for the pendency of removal proceedings pursuant to § 1226. Dkt. 20-2 at 6 (citing INA § 236). Through its actions, the government has determined that Mr. Artola Ramirez is not subject to compulsory detention, and it has documented that his detention is authorized by § 1226 rather than § 1225.

As this Court previously reasoned, mandatory detention and discretionary release are mutually exclusive concepts. An alien cannot be subject both to mandatory detention under § 1225(b)(2)(A) and eligible for discretionary release under § 1226(a)(2); the provisions can only exist harmoniously if they apply to separate classes of aliens. *Singh v. Bondi*, No. 1:25-cv-02101-SEB-TAB, 2025 WL 3029524, at *6 (S.D. Ind. Oct. 30, 2025). The government determined three years ago that Mr. Artola Ramirez was not subject to § 1225(b)(2), and it acted under § 1226(a) to detain him only last month. It cannot now maintain that he is subject to § 1225(b)(2) and therefore categorically ineligible for discretionary release. *Id.* (citing *Patel v. Crowley*, No. 25 C 11180, 2025 WL 2996787, at *6 (N.D. Ill. Oct. 24, 2025); *Kennedy v. Kijakazi*, No. 22-2258, 2023 WL 1990303, at *3 (7th Cir. Feb. 14, 2023)); *Valencia Zapata v. Kaiser*, No. 25-CV-07492-RFL, 2025 WL 2741654, at *9 (N.D. Cal. Sept. 26, 2025) ("[T]he government cannot switch tracks and subject Petitioners to mandatory detention under section 1225(b)(2) when the government has instead placed Petitioners in removal proceedings under section 1229a and released them on their own recognizance under section 1226(a)."); *Fornalik v. Perryman*, 223 F.3d 523, 530 (7th Cir. 2000)). By detaining Mr. Artola Ramirez and depriving him of any consideration of bond, the government has kept him in custody in violation of the INA. As a result, he is entitled to a writ of habeas corpus.

**B.    Jurisdiction Under § 1226(e)**

6

The respondents also argue that, even if Mr. Artola Ramirez's detention is governed by § 1226, then § 1226(e) deprives the Court of jurisdiction over his claim. Dkt. 20 at 13–14. This argument collapses under its own weight. Section 1226(e) precludes review of the "Attorney General's discretionary judgment regarding the application of" § 1226 to detain an alien or revoke or deny bond or parole. The Attorney General has not rendered a discretionary judgment under § 1226. She has not rendered any judgment at all. She has not considered the possibility of bond or parole and therefore has not revoked or denied it.[3]

Section 1226(e) might preclude this Court's intervention if Mr. Artola Ramirez requested bond, an immigration judge denied his request after considering the merits, and he petitioned this Court for a different result. But there is no record that Mr. Artola Ramirez has appeared before an immigration judge. The government has not made a discretionary decision to detain him. It insists that it has no discretion. Section 1226(e) does not apply to this case.

**C.     Relief Available**

Any relief afforded through habeas corpus must be "appropriate to the violation." *Waller v. Georgia*, 467 U.S. 39, 50 (1984). Mr. Artola Ramirez maintains—and the Court agrees—that his detention without consideration of bond is contrary to law because his detention is authorized by § 1226(a), which makes him eligible for discretionary release but also allows the government to "continue to detain" him. 8 U.S.C. § 1226(a)(1). Mr. Artola Ramirez's custody is not unlawful because of the very fact that he is detained. Rather, his custody is unlawful only to the extent the government refuses to consider whether he may be released as the law requires. He is entitled to a bond hearing and whatever relief is granted after his request is considered on the merits.

### IV. Conclusion

---

[3] There is no indication that Mr. Artola Ramirez has formally requested bond from his immigration judge, but the respondents do not contend that this bars his habeas petition from proceeding.

Mr. Artola Ramirez's motion for relief from judgment, dkt. [17], is **denied as presented**.

The petition for a writ of habeas corpus is **granted** insofar as the respondents will have **seven days** to certify that Mr. Artola Ramirez has (1) appeared for a bond hearing before an immigration judge consistent with 8 U.S.C. § 1226(a) and pertinent regulations, or (2) been released from detention. The petition is **denied** to the extent it seeks an order that Mr. Artola Ramirez be immediately released. The **clerk is directed** to enter **final judgment**.

IT IS SO ORDERED.

Date: 02/13/2026

_____
JAMES R. SWEENEY II, CHIEF JUDGE
United States District Court
Southern District of Indiana


Distribution:

Brandon Carter
Gpllc
bcarter@globalperiphery.com

Anthony W. Overholt
FBT Gibbons LLP
aoverholt@fbtgibbons.com

Shelese M. Woods
DOJ-USAO
shelese.woods@usdoj.gov

8